UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Brett Williams, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 3:20-cv-3530 |
| Conns Credit Corp; Allied Federal Credit Union; Equifax Information Services, LLC; and Experian Information Solutions, Inc. | § § § § § § | |
| Defendants. | | |

## COMPLAINT

COMES NOW Plaintiff, Brett Williams, by and through counsel undersigned, and for his cause of action against the Defendants above-named alleges as follows:

### INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq.

### PARTIES

2. Plaintiff is a resident of the County of Johnson, Texas.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, Allied Federal Credit Union exists and operates under the laws of the State of Texas and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. Defendant, Conn's Credit Corporation exists and operates under the laws of the State of Texas and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

6. Defendant Equifax Information Services, LLC is a limited liability company existing and operating under the laws of the State of Texas that engages in the business of maintaining and reporting consumer credit information.

7. Defendant Experian Information Solution, Inc. is a corporation existing and operating under the laws of the State of Texas that engages in the business of maintaining and reporting consumer credit information.

8. Defendants Equifax and Experian are each a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

## JURISDICTION AND VENUE

9. That the Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, the Fair Credit Reporting Act ("FCRA") and 28 U.S.C. §1331.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. In October of 2015, Plaintiff filed Chapter 13 Bankruptcy.

12. On November 1, 2018, Plaintiff received his discharge from the Chapter 13 Bankruptcy.

13. During the month of September 2020, Plaintiff obtained his Equifax and Experian credit reports.

14. Upon review of his Equifax credit report, Plaintiff observed that Conns was

inaccurately reporting that his account had been charged off in each month from March 2018 through March 2020.

15.     Because Plaintiff was in a Chapter 13 Bankruptcy during that time, Plaintiff's payment history should not have been changed to reflect a charge-off on his Equifax credit report.

16.     Upon review of his Experian credit report, Plaintiff observed that is Allied account was reporting a charge-off payment status in each month from January 2016 through April 2016.

17.     Because Plaintiff was in a Chapter 13 Bankruptcy during that time, Plaintiff's payment history should not have been changed to reflect a charge-off on his Experian credit report.

18.     The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

19.     Equifax and Experian published the false information regarding the Account to third parties.

## WRITTEN DISPUTE

20.     On or about September 8, 2020 Plaintiff sent written dispute letters and supporting documentation to Equifax and Experian disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report (the "Disputes").

21.     Upon information and belief, Equifax and Experian forwarded Plaintiff's Disputes to Conns and Allied for reinvestigation.

22. Upon information and belief, Conns and Allied each received notification of Plaintiff's Disputes from Equifax and Experian.

23. Conns and Allied each failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

24. Equifax and Experian each failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Conns and Allied each failed to instruct the credit reporting agencies to remove the false information reporting on Plaintiff's consumer reports.

26. Equifax and Experian each employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

27. Equifax and Experian each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer reports.

28. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

### COUNT I – CONNS and ALLIED

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

29. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

30. After receiving the Dispute, Conns and Allied each failed to correct the false

4

information regarding the Account reporting on Plaintiff's consumer report.

31. Conns and Allied each violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute; by failing to review all relevant information regarding Plaintiff's Dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

32. As a result of this conduct, action, and inaction of Conns and Allied, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

33. Conns and Allied's conduct, action, and inaction were willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

34. In the alternative, Conns and Allied were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

35. Plaintiff is entitled to recover costs and attorneys' fees from Conns and Allied pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

COUNT II – EQUIFAX and EXPERIAN

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))

36. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

37. After receiving the Disputes, Equifax and Experian failed to correct the false information reporting on Plaintiff's consumer report.

38. Equifax and Experian each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Equifax and Experian published and maintained concerning Plaintiff.

39. As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. Equifax and Experian's conduct, action, and inaction were willful, rendering Equifax and Experian each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, Equifax and Experian were each negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX and EXPERIAN

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

43. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

44.     After receiving the Disputes, Equifax and Experian each failed to correct the false information reporting on Plaintiff's consumer report.

45.     Equifax and Experian each violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46.     As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47.     Equifax and Experian's conduct, action, and inaction were willful, rendering Equifax and Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48.     In the alternative, Equifax and Experian were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49.     Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**P**RAYER FOR **R**ELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   December 1, 2020

                            MCCARTHY LAW, PLC

                            */s/*
                            MCCARTHY LAW, PLC
                            4250 North Drinkwater Blvd, Suite 320
                            Scottsdale, AZ  85251
                            Telephone: (602) 456-8900
                            Fax: (602) 218-4447
                            Attorney for Plaintiff